WILSON TURNER KOSMO LLP
ROBIN A. WOFFORD (137919)
LOIS M. KOSCH (131859)
NAOMI C. PONTIOUS (288580)
AUDREY W. SURRIDGE (318838)
402 West Broadway, Suite 1600
San Diego, California 92101
Telephone:  (619) 236-9600
Facsimile:  (619) 236-9669
E-mail:  rwofford@wilsonturnerkosmo.com
E-mail:  lkosch@wilsonturnerkosmo.com
E-mail:  npontious@wilsonturnerkosmo.com
E-mail:  asurridge@wilsonturnerkosmo.com

Attorneys for Defendant
SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| PAUL ROSSO-SANCHEZ,<br><br>    Plaintiff,<br><br>v.<br><br>SEDGWICK CLAIMS MANAGEMENT SERVICES, INC., a corporate entity form unknown; and DOES 1-50 inclusive,<br><br>    Defendants. | Case No. 5:21-cv-01409<br><br>*(Removed from San Bernardino Superior Court Case No.: CIVSB2117315)*<br><br>**SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT**<br><br>(28 U.S.C. §§ 1332(A), 1441, and 1446)<br><br>Complaint Filed:  June 21, 2021<br>Removed:  TBD |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332 (diversity jurisdiction) and 1441(a), Defendant SEDGWICK CLAIMS MANAGEMENT SERVICES, INC. ("Sedgwick"), hereby removes this action from the Superior Court

-1-

of the State of California, County of San Bernardino, to the United States District Court for the Central District of California, and sets forth in support of its Notice of Removal of Action the following:

I.   **Background**

1. On June 21, 2021, an action was commenced in the Superior Court of the State of California, County of San Bernardino, entitled Paul Rosso-Sanchez *v.* Sedgwick Claims Management Services, Inc., Case No. CIVSB2117315 (the "Complaint"). A true and correct copy of the Summons and Complaint is attached hereto as **Exhibit A**. (Declaration of Lois M. Kosch ("Kosch Decl.")), ¶ 2.)

2. The Complaint alleges the following causes of action against Sedgwick: (1) discrimination in violation of Gov. Code §12940 *et seq.*; (2) failure to prevent discrimination in violation of Gov. Code §12940(k); (3) retaliation in violation of Gov. Code §12940(h); (4) wrongful termination; (5) rest break violations of Cal. Labor Code §226.7; (6) failure to provide employment records in violation of Cal. Labor Code §1198.5 *et seq.*; (7) failure to pay overtime and wages; and (8) violation of Business & Professions Code §17200 *et seq*.

3. On July 21, 2021, Sedgwick was served with the Summons and Complaint. A true and correct copy of the Proof of Service of Summons is attached hereto as **Exhibit B**. (Kosch Decl., ¶ 3.) On August 19, 2021, Sedgwick filed and served its Answer to the Complaint in San Bernardino County Superior Court. A true and correct copy of Sedgwick's Answer is attached hereto as **Exhibit C**. (Kosch Decl., ¶ 4.)

4. This is a civil action over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332 and may be removed to this Court by Sedgwick pursuant to the provisions of 28 U.S.C. § 1441(a), because it is a civil action between citizens of different states and the matter in controversy herein exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

## II. Complete Diversity Exists

5. As set forth below, complete diversity exists between Plaintiff, on the one hand, and Sedgwick, on the other hand.

6. Throughout his employment, Plaintiff represented that he resided in Moreno Valley, CA. (Declaration of Jana Borgesi ¶ 5, **Ex. A**.)  Moreover, Plaintiff was assigned to and reported to work at Sedgwick's Ontario, California office. (Declaration of Jana Borgesi, ¶ 5.)  Plaintiff further alleges when he experienced all events that form the basis of this lawsuit, which took place from May 2019 to October 15, 2020, he was in California. (Complaint ¶ 9, **Ex. A** to Kosch Decl.)

7. Plaintiff's residence is prima facie evidence that he is domiciled in California for purposes of diversity.  *Barrera v. W. United Ins. Co.*, 567 F. App'x 491, 492 n.1 (9th Cir. 2014) ("The place where a person lives is taken to be his domicile until facts adduced establish the contrary." [quoting *Anderson v. Watt*, 138 U.S. 694, 706 (1891]); *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011); *State Farm v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994); 13E Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3612 & n.28 (3d ed. 2013) ("It is assumed . . . that a person's current residence is also his domicile . . ."). These facts all evidence he is domiciled in and a citizen of California.  *See Lew v. Moss*, 797 F.2d 747, 750–51 (9th Cir. 1986).

8. Sedgwick was, at the time this action was filed in state court, and still is, a corporation duly organized and existing under the laws of the State of Illinois. (Secretary of State Printout, **Ex. F** to Kosch Decl. ¶ 6.)  Sedgwick's corporate headquarters are located in Memphis, Tennessee.  (Secretary of State Printout, **Ex. F** to Kosch Decl.)  Sedgwick's corporate headquarters are where the majority of executive and administrative functions are performed and where the majority of its corporate officers and executives are located. (Declaration of Borgesi ¶2.)  Therefore, under the "nerve center" test, Sedgwick's principal place of business is in Tennessee.  *See Hertz Corp. v. Friend*, 559 U.S. 77, 80–81, 93 (2010) (noting the nerve center will

"normally be the place where the corporation maintains its headquarters"); *see, e.g.*, *Lopez v. Target Corp.*, No. EDCV 11-1282 CAS OPX, 2011 WL 4852504, at *2 (C.D. Cal. Oct. 12, 2011) (holding "under *Hertz*, defendant Sedgwick's principal place of business is Tennessee," and noting several other courts have reached the same conclusion). Accordingly, Sedgwick is a citizen of Tennessee for the purpose of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1).

9. The Complaint also names Does 1 through 50. However, by statute, the citizenship of these fictitious defendants "shall be disregarded" for purposes of diversity jurisdiction. 28 U.S.C. § 1441(b); *Bryant v. Ford Motor Co.*, 886 F.2d 1526, 1528 (9th Cir. 1989) ("Congress obviously reached the conclusion that doe defendants should not defeat diversity jurisdiction").

**III.   The Amount in Controversy Requirement Is Satisfied**

10. The Complaint seeks damages in an amount "no less than $300,000." (Complaint, p. 17 ["Prayer for Relief"].)

11. Plaintiff alleges he was unlawfully discriminated and retaliated against, and that Sedgwick wrongfully terminated him in violation of public policy. Plaintiff has confirmed that the amount sought as a result of "actual, consequential, and incidental damages, including but not limited to loss of earning and employee benefits" is at least $300,000. (Complaint, Prayer for Relief, p. 17 at (1), **Ex A** to Kosch Decl.) This $300,000 is in addition to Plaintiff's claims for restitution, "pre-judgment and post-judgment interest", punitive damages, attorney's fees, costs, and "other relief and [sic] the Court may deem just and proper." (Complaint, Prayer for Relief, p. 17 at (2-7), **Ex A** to Kosch Decl.)

12. A "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens* 574 U.S. 81, 89 (2014). Here, Plaintiff's affirmative allegation that this threshold is met, exclusive of restitution, interest, punitive damages, attorney's fees, and costs unambiguously satisfies this requirement.

13. In addition to the $300,000 in plead damages, Plaintiff additionally seeks punitive damages, which are potentially recoverable under the FEHA. Cal. Govt. Code § 12940. "In California, the wealth of the defendant is an important factor in determining the award of punitive damages." *Richmond*, *supra*, 897 F. Supp. at 451. Sedgwick has significant resources making it "likely that any award of punitive damages will be a substantial figure." *Ibid*.; *see e.g., King v. U.S. Bank Nat'l Ass'n,* 52 Cal. App. 5th 728 (2020) (awarding over $2 million in punitive damages in wrongful termination case against large bank).

14. Finally, Plaintiff seeks attorneys' fees, which are recoverable by a prevailing plaintiff under the FEHA. "[A]ttorneys' fees in individual discrimination cases often exceed the damages." *Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1035 (N.D. Cal. 2002). Even a mere 300 hours through trial at a modest rate of $250 per hour would cause fees alone to hit the amount in controversy requirement.

15. Taken together, and based on Plaintiff's own representations, the amount in controversy "more likely than not" well exceeds $75,000. Accordingly, the amount in controversy requirement is satisfied.

## IV. The Other Removal Requirements Are Met

16. This Notice of Removal is being filed within thirty (30) days after service of the initial pleading setting forth the claims for relief upon which Plaintiff's action is based. Therefore, this Notice is timely filed under 28 U.S.C. § 1446(b).

17. This Notice of Removal is being filed within one (1) year of the commencement of this action (filed June 21, 2021) and therefore is timely filed under 28 U.S.C. § 1446(c).

18. Removal to this Court is proper as the Superior Court of the State of California, County of San Bernardino, where this action was originally filed, is located within this district.

19. A true and correct copy of all process, pleadings and orders served in this action at the time of this removal and known to Defendant are attached as **Exhibits A**

1 **through C**.  Pursuant to 28 U.S.C. § 1446(a), and to the best of Defendant's knowledge, **Exhibits A through F** constitute all the process, pleadings, and orders served in this action at the time of this removal.

20. Counsel for Sedgwick certifies that it will file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, County of San Bernardino, and give notice of same to counsel for Plaintiff.

21. Should the propriety of removal be questioned, Sedgwick requests leave to conduct jurisdictional discovery and provide further evidence and argument in support of removal.  *See Janis v. Health Net, Inc.*, 472 F. App'x 533, 534 (9th Cir. 2012); *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977).

## V. CONCLUSION

For the reasons set forth above, this Court has original jurisdiction over this action under 28 U.S.C. § 1332 and removal of this action is proper under 28 U.S.C. §§ 1441 and 1446.

Dated:   August 19. 2021            **WILSON TURNER KOSMO LLP**

By:    /s/ *Lois M. Kosch*
ROBIN A. WOFFORD
LOIS M. KOSCH
NAOMI C. PONTIOUS
AUDREY W. SURRIDGE
Attorneys for Defendant
SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.