# EXHIBIT A

1  Jihad M. Smaili, Esq. [262219]
   **SMAILI & ASSOCIATES, PC**
2  Civic Center Plaza Towers
   600 W. Santa Ana Blvd., Suite 202
3  Santa Ana, California 92701
4  714-547-4700
   714-547-4710 (facsimile)
5  jihad@smaililaw.com

6

7  Attorney for Plaintiff

8

        **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

        **FOR THE COUNTY OF SAN BERNARDINO**

11 PAUL ROSSO-SANCHEZ, an            ) Case No.: **CIV SB 2117315**
   individual;                        ) Assigned for all purposes to the
12                                    )
                                      )
13        Plaintiff,                  )
                                      ) **COMPLAINT:**
14    v.                              )   1. Discrimination in Violation of Gov. Code
                                      )      §12940 *et seq.*
15 SEDGWICK CLAIMS                    )   2. Failure to Prevent Discrimination in Violation
16 MANAGEMENT SERVICES, INC., a       )      of Gov. Code §12940(k)
   corporate entity form unknown; and )   3. Retaliation in Violation of Gov. Code
17 DOES 1-50, inclusive,              )      §12940(h)
                                      )   4. Wrongful Termination
18        Defendants.                 )   5. Rest Break Violations of Cal. Labor Code
                                      )      §226.7
19                                    )   6. Failure to Provide Employment Records in
20                                    )      Violation of Cal. Labor Code §1198.5 *et seq.*
                                      )   7. Failure to Pay Overtime & Wages
21                                    )   8. Violation of Business & Professions Code
22                                    )      § 17200 *et seq.*
                                      )
23                                    )   **DEMAND FOR JURY TRIAL**
                                      )   **UNLIMITED JURISDICTION**
24                                    )
25                                    )
26                                    )
27                                    )

28

COMPLAINT

1

Plaintiff Paul Rosso-Sanchez (hereinafter "Plaintiff" and/or "Rosso-Sanchez") alleges as follows:

## THE PARTIES

1. At all times mentioned herein, and at the time the causes of action arose, Plaintiff was and is an individual.

2. Plaintiff is informed and believes and thereon alleges that at all times mentioned herein, Defendant Sedgwick Claims Management Services, Inc. (hereinafter "Sedgwick"), is a corporate entity, form unknown, regularly conducting business in the State of California, and specifically, in the County of San Bernardino. Plaintiff is further informed and believes and thereon alleges that Sedgwick was transacting business in the County of San Bernardino, State of California, at the time claims of Plaintiff arose. At all times relevant, Sedgwick was an employer within the meaning of *Government Code* §12926(d) and as such was barred from, *inter alia*, harassing, discriminating or retaliating against Plaintiff in personnel, scheduling, employment, promotion, advancement, retention, hiring, terminating and other decisions relating to Plaintiff's employment on the basis of physical disability or medical condition, participation in protected activity, and other immutable characteristics.

3. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES 1—50, inclusive, are currently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to show their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each Defendant named herein as a DOE was responsible in some manner for the occurrences and damages alleged herein.

4. Each reference in this complaint to "Defendant" and/or "Defendants" refers to Sedgwick, and also refers to all Defendants sued under fictitious names, jointly and severally.

5. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are now and/or at all times mentioned in this Complaint were in some manner

legally responsible for the events, happenings and circumstances alleged in this Complaint. Plaintiff is further informed and believes and thereon alleges that Defendants, and each of them, proximately subjected Plaintiff to the unlawful practices, wrongs, complaints, injuries and/or damages alleged in this Complaint. Likewise, Defendants, and each of them are now and/or at all times mentioned in this Complaint were the agents, servants and/or employees of some or all other Defendants, and vice-versa, and in doing the things alleged in this Complaint, Defendants are now and/or at all times mentioned in this Complaint were acting within the course and scope of that agency, servitude and/or employment.

6. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are now and/or at all times mentioned in this Complaint were members of and/or engaged in a joint venture, partnership and common enterprise, and were acting within the course and scope of, and in pursuance of said joint venture, partnership and common enterprise.

7. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, at all times mentioned in this Complaint, concurred and contributed to the various acts and omissions of each and every one of the other Defendants in proximately causing the complaints, injures and/or damages alleged in this Complaint. Plaintiff is further informed and believes and thereon alleges that Defendants, and each of them, at all times mentioned in this Complaint, approved of condoned and/or otherwise ratified each and every one of the acts and/or omissions alleged in this Complaint. Likewise, Defendants, and each of them, at all times mentioned in this Complaint aided and abetted the acts and omissions of each and every one of the other Defendants thereby proximately causing the damages alleged in this Complaint.

8. Plaintiff is informed and believes and thereon alleges that at all actions alleged herein committed by Defendants were committed by managing agents of Defendants, or, such conduct was known by and/or ratified by managing agents of Defendants.

///

## VENUE AND JURISDICTION

9. Venue is proper in this county and this Court has jurisdiction over this matter because Defendants operate out of Ontario, California, and, all of the claims and causes of action alleged herein occurred and accrued in the County of San Bernardino, State of California.

## FACTUAL BACKGROUND

10. In or around May 2019, Defendant hired Plaintiff as a workers' compensation adjustor/examiner. Plaintiff's job duties included, but were not limited to, servicing Los Angeles County workers' compensation cases, approving and denying medication, settling cases, communicating with attorneys and clients and closing out claims. Plaintiff earned an hourly wage of $28.00 and worked 40-45 per week. Plaintiff was an exemplary employee by any standard and was praised by Defendant for his outstanding performance.

11. In or around August 2020, Plaintiff's mother contracted the coronavirus and fell ill. In response, Plaintiff immediately notified Defendant and requested FMLA/CFRA paperwork while he tended to his mother. Plaintiff repeatedly called and emailed Defendant's Human Resources ("HR") department with no success. He even spoke to Linda Thomason, a Defendant HR representative.

12. On or about September 17, 2020, Aracely Santana ("Santana") called Plaintiff and left him a voicemail regarding his time off work. She did not mention the FMLA/CFRA paperwork. Santana then called Plaintiff again on or about September 24, 2020. On each occasion, Plaintiff was tending to his ailing mother.

13. When Plaintiff reached out to Santana, she told him he had failed to fill out FMLA/CFRA paperwork. Plaintiff reiterated that he had not received paperwork to fill out and had repeatedly asked for paperwork to be sent to him. In response, Santana became angry and suggested that Plaintiff had received the paperwork.

14. On or about October 15, 2020, Defendant terminated Plaintiff for alleged job abandonment. On the same day, Plaintiff received an email from "Doris," a Defendant HR

representative apologizing to him for not sending the FMLA/CFRA paperwork. Upon information and belief, Plaintiff was terminated in retaliation for requesting FMLA/CFRA and on the basis of his association with a member of a protected class.

15. Additionally, Plaintiff has significant wage and hour claims. Throughout his employment, Defendant failed to provide Plaintiff with 10-minute uninterrupted rest breaks for every four (4) hours worked. Moreover, although Plaintiff regularly worked 40-45 hours per week, he was not compensated for the overtime hours he worked. Plaintiff is owed all maximum waiting time penalties as afforded by California law.

16. Before filing this lawsuit, Plaintiff exhausted his administrative remedies by timely filing a complaint with the Department of Fair Employment and Housing (DFEH) and receiving a right-to-sue notice, dated January 22, 2021.

## FIRST CAUSE OF ACTION
## DISCRIMINATION IN VIOLATION OF
## CALIFORNIA GOVERNMENT CODE § 12940 *et seq.*
### (Against All Defendants)

17. Plaintiff refers to all allegations contained in paragraphs 1-16, inclusive and by such reference incorporates the same herein as though fully realleged in detail.

18. California law, and particularly the Fair Employment and Housing Act ("FEHA"), codified at *Government Code* §12900 *et seq.*, prohibits discrimination against persons with a physical condition or disability, which is broadly defined therein, and which includes even the perception that a person has a medical or mental condition and/or physical condition or disability. FEHA further prohibits discrimination based upon, *inter alia*, age, race, gender, sexual orientation, national origin, pregnancy, other immutable characteristics and the association with a member of a protected class.

19. Plaintiff's mother had a disability as alleged above, making her a member of a protected class.

20. Defendant was aware of Plaintiff's association with a member of a protected class, because Plaintiff specifically requested FMLA/CRFA leave from Defendant in order

to care for his disabled mother.

21. At all times herein alleged, Plaintiff was qualified for the position of employment that he held with Defendant and was able to perform the essential functions of that job.

22. Plaintiff is informed and believes and thereon alleges that as a direct and proximate result of Plaintiff's association with a member of a protected class, Defendant, refused to communicate with Plaintiff, denied Plaintiff FMLA/CRFA leave, denied Plaintiff opportunity for advancement and the ability to earn a living, and terminated Plaintiff.

23. Defendant's discriminatory action against Plaintiff, as alleged above, constitutes unlawful discrimination in employment on account of Plaintiff's association with a member of a protected class in violation of FEHA, and particularly *Gov't Code* §12940(a).

24. As a direct, foreseeable, and proximate result of Defendant's discriminatory action against Plaintiff, as herein alleged, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, benefits, the potential for advancement, and additional amounts of money Plaintiff would have received but for Defendants' discriminatory conduct, all in an amount subject to proof at the time of trial, but believed to be no less than three hundred thousand dollars.

25. As a direct, foreseeable, and proximate result of the wrongful conduct of Defendant as herein alleged, Plaintiff has also suffered and continues to suffer emotional distress and anguish, humiliation, anxiety, and medical expenses all to Plaintiff's damage in an amount subject to proof at trial.

26. Plaintiff is informed and believes and thereon alleges that the above-alleged actions of Defendant were the result and consequence of Defendant's failure to supervise, control, direct, manage, and counsel those agents throughout Plaintiff's employment and that Defendant ratified, condoned and/or encouraged the discriminatory behavior and enabled agents to believe that their conduct was appropriate.

COMPLAINT

6

27. Defendant, and each of them, failed to offer counseling or comfort to Plaintiff and sent the unmistakable message that such conduct is appropriate in the workplace.

28. Plaintiff is informed and believes and thereon alleges that Defendant has a systemic and wide-spread policy of discriminating against and retaliating against employees with disabilities. By failing to stop the discrimination, harassment and retaliation, Defendant ratified the discriminatory and retaliatory conduct which, in turn, directly caused a vicious cycle of wrongful conduct with impunity.

29. Plaintiff is informed and believes and thereon alleges that Plaintiff's association with a member of a protected class was a motivating factor in the decision of Defendant to discriminate against him and terminate him.

30. The outrageous conduct of Defendant, and each of them, as alleged herein, was done with oppression and malice by Defendant and its supervisors and managers, along with conscious disregard of Plaintiff's rights, and were ratified by those other individuals who were managing agents of Defendant.

31. The conduct of Defendant as alleged hereinabove was done with malice, fraud or oppression, and in reckless disregard of Plaintiff's rights under California law. As such, Plaintiff is entitled to punitive damages within the meaning of *Civ. Code* §3294.

32. Plaintiff also continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial which fees and expenses are recoverable pursuant to *Gov't Code* §12900 *et seq.*

## SECOND CAUSE OF ACTION
## FAILURE TO PREVENT DISCRIMINATION IN VIOLATION OF CALIFORNIA GOVERNMENT CODE § 12940(k)
### (Against All Defendants)

33. Plaintiff refers to all allegations contained in paragraphs 1-32, inclusive and by such reference incorporates the same herein as though fully realleged in detail.

34. During the course of employment, Defendant, and each of them, failed to prevent or remedy discrimination, retaliation and harassment toward Plaintiff on the basis

of his association with a member of a protected class and participation in protected conduct in violation of *Government Code* §12940(k).

35. As a direct result of the wrongful conduct of Defendant, Plaintiff suffered, and continues to suffer, substantial losses in earnings and other benefits in an amount according to proof at the time trial, including special and general damages.

36. As a direct, foreseeable, and proximate result of the wrongful conduct of Defendant, Plaintiff has suffered and continues to suffer emotional distress and anguish, humiliation, substantial losses in salary, bonuses, job benefits, and other employment benefits which he would have received all to his damage in a sum within the jurisdiction of the Court to be ascertained according to proof.

37. Plaintiff is informed and believes and thereon alleges that the outrageous conduct of Defendant, and each of them, as alleged herein, was done with oppression and malice by Plaintiff's supervisors and managers, along with conscious disregard of Plaintiff's rights, and were ratified by those other individuals who were managing agents of Defendant.

38. As a proximate result of the wrongful conduct of Defendant, and each of them, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish according to proof at the time of trial.

39. These unlawful acts were further encouraged by Defendant and done with a conscious disregard for Plaintiff's rights and with the intent, design, and purpose of injuring Plaintiff. The conduct of Defendant alleged hereinabove was done with malice, fraud or oppression, and in reckless disregard of Plaintiff's rights under California law. As such, Plaintiff is entitled to punitive damages within the meaning of *Civ. Code* §3294.

40. Plaintiff has also incurred and continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial.

///
///
///

# THIRD CAUSE OF ACTION
## RETALIATION IN VIOLATION OF
## CALIFORNIA GOVERNMENT CODE §12940(h)
### (Against All Defendants)

41. Plaintiff refers to all allegations contained in paragraphs 1-40, inclusive, and by such reference incorporates the same herein as though fully realleged in detail.

42. At all times herein mentioned, FEHA, *Government Code* §12940(h), was in full force and effect and was binding on Defendant. This statute requires Defendant to refrain from retaliating against Plaintiff.

43. Plaintiff is informed and believes and thereon alleges that as a consequence of Plaintiff's engagement in protected activity of requesting FMLA/CRFA leave to take care of his disabled mother, Defendant took retaliatory action against Plaintiff by denying Plaintiff the leave requested, mistreating Plaintiff, denying Plaintiff advancement, and terminating Plaintiff.

44. Defendant unlawfully retaliated against Plaintiff after he engaged in protected activity, such as without limitation, requesting FMLA/CRFA leave to care for his disabled mother.

45. As a proximate result of Defendant's willful, knowing, and intentional conduct against Plaintiff, he has sustained and continues to sustain substantial losses in Plaintiff's earnings and other employment benefits and continues to suffer humiliation, emotional distress, and mental and physical pain an and anguish, and sleep dysfunction, all to Plaintiff damage in a sum according to proof.

46. These unlawful acts were further encouraged by Defendant and done with a conscious disregard for Plaintiff's rights and with the intent, design, and purpose of injuring Plaintiff. In light of Defendant's willful, knowing, and intentional discrimination against Plaintiff which culminated in Plaintiff discharge, Plaintiff seeks an award of punitive and exemplary damages in an amount according to proof.

47. Plaintiff has incurred and continues to incur legal expenses and attorney fees.

1 | Plaintiff is presently unaware of the precise amount of said expenses and fees and prays leave of court to amend this Complaint when said amounts are more fully known.

## FOURTH CAUSE OF ACTION
## WRONGFUL TERMINATION
### (Against All Defendants)

48. Plaintiff refers to all allegations contained in paragraphs 1-47, inclusive and by such reference incorporates the same herein as though fully realleged in detail.

49. Plaintiff informed Defendants that he suffered from disabilities. Further, Defendants were aware of Plaintiff's requests for accommodation and complaints about sexual harassment and his workplace environment.

50. *Labor Code* §232.5 makes it illegal for an employer to prohibit an employee from discussing their working conditions.

51. *Labor Code* §6310 protects an employee's right to complain of unsafe working conditions.

52. *Labor Code* §6400 requires employers to provide a work environment that is safe for its employees.

53. *Gov't Code* §12940 et seq., prohibits forms of discrimination against protected classes of employees.

54. Defendant wrongfully terminated Plaintiff in violation of a substantial and fundamental public policy in that a determining and motivating factor in Defendants' decision to terminate Plaintiff was the desire to retaliate against him because: (i) he was associated with a member of a protected class, and (ii) he requested FMLA/CRFA leave to care for his disabled mother.

55. Plaintiff is informed and believes and thereon alleges that these factors made up Defendants decision to terminate Plaintiff and/or played an important and integral role in said decision. Such discrimination was in violation of the public policy of the State of California and resulted in damage and injury to Plaintiff as alleged herein.

56. As a proximate result of Defendants willful, knowing, and intentional

COMPLAINT

10

discrimination and retaliation against Plaintiff, he has sustained and continues to sustain substantial losses in Plaintiff earnings and other employment benefits and continues to suffer humiliation, emotional distress, and mental and physical pain an and anguish, and loss of sleep/sleep dysfunction, all to his damage in a sum according to proof.

57. In light of Defendants willful, knowing, and intentional discrimination against Plaintiff which resulted in his wrongful termination, Plaintiff seeks an award of punitive and exemplary damages in an amount according to proof.

## FIFTH CAUSE OF ACTION
## REST BREAK VIOLATIONS
## OF CALIFORNIA LABOR CODE §226.7
### (Against All Defendants)

58. Plaintiff refers to all allegations contained in paragraphs 1-57, inclusive and by such reference incorporates the same herein as though fully realleged in detail.

59. *Labor Code* §226.7(a) provides in pertinent part that, "No Employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

60. *Labor Code* §512 provides in pertinent part that, "An employer may not employ an employee for a work period of more than five hours per work day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee."

61. *Labor Code* §512 further provides in pertinent part that, "An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

62. *Labor Code* §516 provides that the industrial Welfare Commission may adopt or amend working condition orders with respect to meal periods for any workers in

California consistent with the health and welfare of those workers.

63. Section 11(A) of the IWC Wage Order(s) provides that "Unless the employee is relieved of all duty during a 30-minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time."

64. Section 11(B) of the IWC Wage Order(s) provides that "If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided."

65. Likewise, the IWC Wage Order(s) and provisions of the Labor Code require that an employer relieve an employee of duty for a ten-minute break for every four hours worked.

66. While employed by Defendants, and at all times relevant herein, Plaintiff consistently worked over five (5) hours per shift and therefore was entitled to an uninterrupted meal period of not less than thirty (30) minutes prior to exceeding five (5) hours of employment, and, at least one rest break for every four hours worked.

67. At all times relevant herein, Plaintiff did not waive his meal periods and/or rest breaks, by mutual consent with Defendants or otherwise.

68. At all times relevant herein, Plaintiff did not enter into any written agreement with Defendants agreeing to an on-the-job paid meal period and/or rest break.

69. Defendants failed to comply with the rest and meal period requirements established by *Labor Code* §226.7, *Labor Code* §512, *Labor Code* §516 and Section 11 of the IWC Wage Order(s).

70. Pursuant to Section 11(B) of the IWC Wage Order(s) and *Labor Code* §226.7(b), which states in pertinent part that "if an employer fails to provide an employee

COMPLAINT

12

a meal or rest period in accordance with an applicable order of the industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided," Plaintiff is entitled to damages in an amount equal to one (1) additional hour of pay at Plaintiff's regular rate of compensation for each work day that the meal period was not provided.

71. Pursuant to *Labor Code* §218.6 and *Civil Code* §3287, Plaintiff seeks recovery of pre-judgment interest on all amounts recovered herein.

## SIXTH CAUSE OF ACTION
## FAILURE TO PROVIDE EMPLOYMENT RECORDS
## IN VIOLATION OF CAL. LABOR CODE §1198.5 et seq.
### (Against All Defendants)

72. Plaintiff refers to all allegations contained in paragraphs 1-71, inclusive and by such reference incorporates the same herein as though fully realleged in detail.

73. California Labor Code §1174, subdivision (c), requires employers doing business in the State of California to maintain payroll records and to keep these records in a central location in the State of California.

74. California Labor Code §226, subdivisions (b) and (c), require employers doing business in the State of California to provide current and former employees access to their payroll records.

75. California Labor Code §432, subdivision (b), requires employers doing business in the State of California to provide current and former employees copies of all written instruments they sign upon request.

76. California Labor Code §1198.5 et seq., provides current and former employees the right to inspect their employee personnel records that the employer maintains relating to the employee's performance or to any grievance concerning the employee.

77. Plaintiff, via counsel, requested Defendants to provide Plaintiff with his

employee personnel file and payroll records, and Defendants did not provide Plaintiff with inspection rights or complete copies of such records, in violation of the above-described statutes.

78. As a result of Defendants' statutory violations alleged in this Complaint, Plaintiff suffered damages, in an amount to be determined according to proof at trial, costs, and attorney's fees.

79. By reason of the foregoing, Plaintiff has been left without an adequate remedy at law, and should be entitled to appropriate injunctive relief from this Court, including, but not limited to, an order by the Court requiring Defendants to turn over copies of Plaintiff's employee personnel file and payroll records to Plaintiff or to provide Plaintiff access to these records as required by law.

80. Plaintiff is entitled to costs and attorney's fees as provided by applicable law, including, but not limited to, California Labor Code §226 subdivisions (e), (f), and (h), and § 1198.5 subdivision (l).

81. Plaintiff is entitled to penalties as provided by applicable law, including, but not limited to, California Labor Code §§ 226 subdivisions (e) and (f), and §1198.5 subdivision (k).

## SEVENTH CAUSE OF ACTION
### FAILURE TO PAY OVERTIME AND WAGES
**(Against All Defendants)**

82. Plaintiff refers to all allegations contained in paragraphs 1-81, inclusive, and by such reference incorporates the same herein as though fully realleged in detail.

83. Defendants failed to pay Plaintiff wages for all hours worked, including, without limitation, overtime wages.

84. From at least four (4) years prior to the filing of this action and continuing to the present, Defendants failed to pay Plaintiff wages for all hours worked, at least in part because Defendants required Plaintiff to work overtime but did not compensate him for this time.

85. *Labor Code* §510(a) states in pertinent part: "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek ... shall be compensated at the rate of no less than one and one-half times the regular rate of pay for any employee."

86. Plaintiff regularly worked more than 40 hours per week, but was not paid at the proper one and one-half time rate he was owed for hours he worked in excess of 40.

87. Defendants failure to pay wages and overtime in a timely fashion also constituted a violation of California Labor Code §204, which requires that all wages be paid in semimonthly payments. Each failure to make a timely payment of compensation to Plaintiff constitutes a separate violation of California Labor Code §204.

88. Plaintiff has been damaged by these violations of California Labor Code §§ 204 and 510 and 1194 (and the relevant orders of the Industrial Welfare Commission).

89. Consequently, pursuant to California Labor Code §§204, 510, and 1194 (and the relevant orders of the Industrial Welfare Commission), Defendants are liable to Plaintiff for the full amount of all her unpaid wages and overtime compensation, with interest, plus her reasonable attorneys' fees and costs.

## EIGHTH CAUSE OF ACTION
## VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200 *et seq.*
### (Against All Defendants)

90. Plaintiff refers to all allegations contained in paragraphs 1-89, inclusive, and by such reference incorporates the same herein as though fully realleged in detail.

91. Defendant, and each of them, have engaged in unfair and unlawful business practices as set forth above.

92. Business & Professions Code § 17200 *et seq.* prohibits unlawful and unfair business practices.

93. By engaging in the above-described acts and practices, Defendant, and each of them, have committed one or more acts of unfair, unlawful or fraudulent competition within the meaning of Business & Professions Code §17200 *et seq.*

COMPLAINT

15

94. Defendant, and each of them, have violated statutes and public policies. Through the conduct alleged in this Complaint, Defendant, and each of them, have acted contrary to public policies and have engaged in other unlawful and unfair business practices in violation of Business & Professions Code § 17200 *et seq.*, depriving Plaintiff and all interested persons of rights, benefits, and privileges guaranteed to all employees under law.

95. As a direct and proximate result of the aforementioned acts and practices, Plaintiff has suffered a loss of money and property in the form of wages and benefits that he would have received as an employee of Defendant, and each of them.

96. Plaintiff seeks an order of this Court awarding restitution, injunctive relief and all other relief allowed under Business & Professions Code §17200 *et seq.*, plus interest and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

1. For all actual, consequential, and incidental damages, including but not limited to loss of earnings and employee benefits, according to proof, but no less than $300,000;
2. For restitution for unfair competition pursuant to Business & Professions Code §17200 *et seq.*, resulting from Defendants' unlawful business acts and practices, according to proof;
3. For pre-judgment and post-judgment interest, according to proof;
4. For punitive and exemplary damages, according to proof;
5. For attorneys' fees, according to proof and statute;
6. For costs of suit incurred herein;
7. For such other relief and the Court may deem just and proper.

Dated: June 21, 2021                    **SMAILI & ASSOCIATES, P.C.**

By: */s/ Jihad M. Smaili*
Jihad M. Smaili, Esq.
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury.

Dated: June 21, 2021        **SMAILI & ASSOCIATES, P.C.**

By: */s/ Jihad M. Smaili*
Jihad M. Smaili, Esq.
Attorney for Plaintiff

RECEIVED
JUN 21 2021
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT